COMMERCIAL NATIONAL BANK, Plaintiff, *v.* NATIONAL SURETY COMPANY and Others, Defendants.

Supreme Court, New York County, May 22, 1929.

*Bigham, Englar & Jones* [*Arthur W. Clement* and *Henry J. Bogatko* of counsel], for the plaintiff.

*Murray Aldrich & Roberts* [*William Dean Embree* and *A. Donald MacKinnon* of counsel], for the defendants.

TIERNEY, J. In November, 1919, the bank made a loan of $50,000 to one Bowles, receiving as collateral various certificates of stock and among them a certificate for fifty shares of class B common stock of the R. J. Reynolds Tobacco Company of the par value of $5,000. This certificate was issued to Bamberger Bros. and was indorsed in blank. It had not passed by delivery from Bamberger Bros., but had been stolen or lost and appropriated by the finder.

There were two sets of claimants to the collateral who sought to replevin the same. The National Surety Company had paid Bamberger Bros. for their loss and succeeded by assignment and subrogation to its rights and was one of the claimants. The claims and litigation were settled by an agreement in October, 1920. Under this the bank sold the stocks at auction under its power of attorney from Bowles and bought them in. This cut off any claim by Bowles and converted a pledge into an ownership. The stocks were then transferred to the name of an officer of the bank and sold at market prices. The amount realized was $43,217.20. The bank had the right to retain the purchase price up to $44,000; if there had been a surplus over that amount it was to be paid to the attorneys for the two sets of claimants.

On July 19, 1920, the Reynolds Company declared a stock dividend of 200 per cent. As Bamberger Bros. were the holders on the books of the company the new stock was issued to them. This large distribution of surplus had a considerable effect on the value of the shares. The fifty shares that are in question were worth about $23,000 before the dividend was declared and after it about $8,000.

The parties to the agreement of October 28, 1920, were not aware that these shares had lost a large percentage of their value as of when they were pledged by reason of a stock dividend. The plaintiff was advised of the stock dividend when it surrendered the original certificate and received new certificates in the name of the officer.

The plaintiff had then two courses of action to choose from. It might claim that the agreement of October 28, 1920, was made under a mutual mistake as to the Reynolds stock having retained its original value and rescind the agreement, or it might waive the objection and carry out the agreement. It pursued the latter course.

Where the actual ownership of stock has passed from the party in whose name the certificate is issued by indorsement and delivery of the certificate, he may not retain a dividend thereafter declared and payable in his name, but must turn it over to the actual owner of the stock. A pledgee has the right to collect such a dividend to apply upon his loan and should do so for the benefit of his pledgor.

The rights of the plaintiff as pledgee against this stock to secure payment of its loan were merged in the agreement of October 28, 1920. It has no claim to this stock dividend in that right.

The plaintiff does not claim that this dividend belonged of right to its pledgor and that it had the right to collect it for his benefit. As between the owners from whom the certificate was stolen and this subsequent holder, who is not shown to have been a *bona fide* purchaser without notice, the title was still in the owners and they were entitled to hold the dividend.

The plaintiff claims that the stock dividend was a part of the fifty shares which were the subject of the agreement of October 28, 1920, and should have been turned over to it so that these dividend shares might be sold as part of the original fifty shares and the proceeds distributed as provided in the agreement. There is nothing in the agreement relating to such a matter. It is only the fifty shares of stock that are to be sold and only the proceeds of such sale that are to be distributed. That was what was done. The fact that the par value of the shares was reduced from $100 to $25, but without any diminution of the total par value, is immaterial.

I cannot see in the change of value of the stock by the declaration of the stock dividend a basis for any claim but to a right to rescission.

The plaintiff has failed to establish a cause of action against any of the defendants and the complaint should be dismissed upon the merits, with costs. Settle a decision accordingly on notice.